IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE OHIO LABORERS' FRINGE BENEFIT PROGRAMS,<br><br>    Plaintiff,<br><br>v.<br><br>CASH SERVICES, LLC,<br><br>    Defendant. | CASE NO.  2:16-cv-874<br><br>JUDGE GRAHAM<br><br>MAGISTRATE JUDGE JOLSON |

### STIPULATED PROTECTIVE ORDER

Upon stipulation of Plaintiff Boards of Trustees of the Ohio Laborers' Fringe Benefit Programs, its related entities/benefits trusts, *i.e.*, the Ohio Laborers' District Council – Ohio Contractors' Association Insurance Fund, the Laborers' District Council and Contractors' Pension Fund, the Ohio Laborers' Training and Apprenticeship Trust Fund, Ohio Laborers' District Council – Ohio Contractors' Association Cooperation and Education Trust (collectively, "Plaintiff"), and Defendant Cash Services, LLC ("Defendant") (Plaintiff and Defendant shall be referred to collectively as the "Parties"), the Court hereby enters this Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure in an effort to facilitate the exchange of information related to this litigation while protecting private and confidential information belonging to Defendant and Defendant's employees and independent contractors, including their Social Security Numbers ("SSN"):

    A.    **Scope.** The Plaintiff agrees:

        1.    that Plaintiff will not use, reveal, or otherwise disclose any SSNs or documents containing SSNs produced during this litigation, except for legitimate purposes in connection with this litigation, and only as necessary and reasonable. Any disclosure of

documents containing SSNs described above which will be accessible to any third parties must be appropriately redacted to hide all references to SSNs.

       2.    that Plaintiff will not use, reveal or otherwise disclose Defendant's reports of contribution to other funds and any certified payrolls provided by Defendant, except for legitimate purposes in connection with this litigation, and only as necessary and reasonable.

    **B.**    **Inadvertent Disclosure.**  If Plaintiff inadvertently, or without authorization, discloses any SSNs described above, Plaintiff must immediately notify counsel for Defendant, take all reasonable actions to mitigate the disclosure, and provide all reasonable assistance to remedy the unauthorized disclosure.

    **C.**    **Sanctions.** The Court may order appropriate sanctions for violations of this order.

    D,    **Return or Destruction.** Upon conclusion of this litigation, all materials and documents within the Scope of this Protective Order produced during this litigation shall be returned to Defendant or such materials and documents shall be certified to have been destroyed.

    IT IS SO ORDERED.

Date:  February 7, 2017                /s/ Kimberly A. Jolson
                                                  KIMBERLY A. JOLSON
                                                  UNITED STATES MAGISTRATE JUDGE

Approved and agreed:

| /s/ Steven L. Ball | /s/ Dan L. Makee |
|---|---|
| Steven L. Ball, Esq. (0007186) | Dan L. Makee (0029602) |
| Ball & Tanoury | McDonald Hopkins LLC |
| 1010 Old Henderson Rd. – Suite 1 | 600 Superior Avenue, East |
| Columbus, OH  43220 | Suite 2100 |
| Tel:    (614) 447-8550 | Cleveland, Ohio 44114 |
|  | Tel.:    (216) 348-5400 |
| *Trial Attorney for Plaintiffs* | Fax:    (216) 348-5474 |
|  | E-mail: dmakee@mcdonaldhopkins.com |
|  | |
|  | *Trial Attorney for Defendant* |
|  | *Cash Services, LLC* |